Virgil Hewett, et al., *v.* Louisville & Nashville R. Co.

**Surety Bonds—Liability of Sureties—False Representations of Holders of Bonds.**

> Sureties to a corporation for the good conduct and fidelity of an officer through whose hands its moneys are to pass, are to be treated with entire good faith, and where such corporation, knowing that its bonded officer is failing to account for its money, in answer to inquiries of the bondsmen represent that the money is being accounted for, it cannot recover on such bond for defalcations occurring after such reprentations were made.

### APPEAL FROM HARDIN CIRCUIT COURT.

March 10, 1875.

Opinion by Judge Lindsay:

The court below erred in refusing to allow appellants to file that portion of their amended answer offered August 20, 1874, that purported to amend paragraph No. 4 of their original answer.

They therein directly aver that on the 26th of June, 1872, they applied to the railroad company for information as to the state of the accounts of Morris, and that the company then fraudulently represented to them that his accounts were correct, and that he was ahead on his payments to the company. They aver that at this time appellee knew that Morris was indebted to it, and that this fact was fraudulently concealed from them because the railroad company desired to keep him in its employment. If these averments are true, the company not only committed a fraud in misrepresenting the true state of Morris' accounts, but was also guilty of a fraud on his sureties, by retaining him in office after it discovered that he was not paying over the moneys received by him as agent, in the manner and at the time required by the terms and condition of his employment.

Sureties are at all times to be treated with good faith, and especially is that the case where they are sureties to a corporation for the good conduct and fidelity of an officer, through whose hands its moneys are to pass. 1 Story's Equity Jurisprudence, Sec. 215; *Graves v. Lebanon Bank,* Mss. Opinion.

When a corporation discovers that one of its bonded officers is misappropriating, or failing to account for moneys coming to his hands, it cannot remain passive and rely for indemnity for future peculations upon the insolvency of his sureties. Good faith and

common honesty require that it shall at once remove him from office. If it fails to do so, it is as much guilty of a fraud upon his sureties as if, before they became his bondsmen, it had concealed from them the fact that he had therefore been guilty of like conduct, under similar circumstances. If the company was guilty of the fraud charged in this amendment, it cannot recover for any moneys that came to the hands of Morris after June 26, 1872.

For the error in refusing to allow the amendment to be filed, the judgment must be *reversed*. We perceive no other error in the proceeding in the lower court. The cause is remanded with instruction to grant a new trial, and for further proceedings not inconsistent with this opinion.

Judge Cofer did not sit in this case.

*Brown & Murray, for appellants.*
*W. H. Chelf, L. Cook, for appellee.*